UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
LINDA SLADE, individually and as the
representative of a class of similarly situated persons,

          Plaintiffs,    22-CV-0037 (ALC)

  -against-          **Opinion Denying Motions to Dismiss**

LIFE SPECTACULAR, INC. d/b/a PROVEN,

          Defendant.

-------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

  Plaintiff Linda Slade ("Plaintiff") brings this action on behalf of herself and all other persons similarly situated against Defendant Life Spectacular ("Defendant" or "Life Spectacular"). Slade alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*.; New York State Human Rights Law, N.Y. Exec. Law Article 15 (Executive Law §292 *et seq*.) (the "NYSHRL"); New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R §40 *et seq*.) (the "NYCRL"); New York City Human Rights Law, N.Y.C. Administrative Code §8-102, *et seq.* (the "NYCHRL") on the basis that Life Spectacular denies visually impaired people from having full and equal access to its website. Defendant moves to dismiss Plaintiff's amended class action complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant asserts that Plaintiff lacks standing to bring her claim and that Defendant's website is not a "place of public accommodation" under Title III of the ADA.

  For the reasons that follow, Defendant's motions to dismiss are DENIED.

**I.     FACTUAL BACKGROUND**

Plaintiff is a visually impaired and legally blind person who requires screen-reading software to read website content using her computer. Amended Complaint "AC", ¶2. Defendant is a Delaware Foreign Business Corporation doing business in this district with a principal place of business located in San Francisco, CA. Defendant sells skincare products through its website, provenskincare.com, and provides customers a "Skin Quiz" that offers products "clinically effective and unique to your skin, environment, and lifestyle." AC ¶¶19-20.

Plaintiff alleges that she has made "numerous attempts" to complete a purchase on the website, including on December 28, 2021, and has been unable to get personalized skincare products due to the various accessibility issues that affect the website. AC ¶41. These barriers to accessibility include but are not limited to: lack of alt-text on graphics, inaccessible drop-down menus, the lack of navigation links, the lack of adequate prompting and labeling, the denial of keyboard access, empty links that contain no text, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse. AC ¶31, *see also* ¶¶32-38. Because of these issues, Plaintiff was unable to complete the "Skin Quiz" that would have provided her with personalized skincare products. AC ¶34. According to Plaintiff's Opposition to the Motion to Dismiss, completion of the Skin Quiz is a prerequisite for being able to make purchases on the website. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, ECF No. 20, at 6.

Plaintiff claims that the accessibility issues on the website have not been resolved by Defendant as a public accommodation, and that she "maintains a strong desire to purchase the customized skincare products offered by Defendant and to get her specific formula based on her skin, life, and environment." AC ¶42.

## II. LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he [counter-]plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are 'merely consistent with' a defendant's liability, "it 'stops

short of the line between possibility and plausibility of entitlement to relief.'" (*quoting Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955); *see also id.* at 681, 129 S.Ct. 1937. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (*citing Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

### III.   DISCUSSION

#### A.   Standing Analysis

Defendant argues that the Court should grant its motion to dismiss because it lacks subject matter jurisdiction over Plaintiff's claims. Defendant's principal argument is that Plaintiff lacks standing to bring her claims because she has failed to plead an injury in fact.

To establish standing under Article III of the Constitution, Plaintiff must satisfy three requirements. First, "plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical,"; second, plaintiff must demonstrate a "causal connection between the injury and the conduct complained of; and finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560 (1992). In the ADA context, standing exists where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).

The Court holds that Plaintiff has met her burden to demonstrate standing in the ADA context. Plaintiff claims that she has been unable to navigate Defendant's website and describes in detail the accessibility barriers that prevent her from doing so. AC ¶¶31-38. The Second Circuit has held that the injury in fact standard is a "low threshold," and thus the Court finds that this is a sufficiently particularized description of a past injury caused by Defendant's failure to make its website accessible. *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017). The second prong of the ADA standing analysis is also satisfied, as Defendant has not remedied the accessibility issues on the website. AC ¶68.

Plaintiff's intent to return to the website is also sufficiently pleaded in the amended complaint, as Slade states that she "maintains a strong desire to purchase the customized skincare products offered by Defendant and to get her specific formula based on her skin, life, and environment." AC ¶42. Defendant claims that Plaintiff could potentially use other websites for her skincare needs, but her desire to take Life Spectacular's "Skin Quiz" to find "customized skincare products" offered by Life Spectacular can only be met on Defendant's website. This allows the Court to plausibly infer that Plaintiff wishes to return to the website to complete the quiz, and would do so if the accessibility barriers were removed.

Plaintiff has pleaded sufficient facts to establish standing in this case; Defendant's motion to dismiss pursuant to Rule 12(b)(1) is denied.

B.  *Websites as "Places of Public Accommodation"*

Defendant then argues that the Court should grant its motion to dismiss for failure to state a claim because Life Spectacular's website is not a place of public accommodation under the ADA.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, Plaintiff must allege (1) that she is disabled within the meaning of the ADA; (2) that Defendant owns, leases, or operates a place of public accommodation; and (3) that Defendant discriminated against her by denying her a full and equal opportunity to enjoy the services Defendant provides." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Discrimination under the ADA includes a failure to make reasonable accommodations for the plaintiff's disability. 42 U.S.C. § 12182 (b)(2)(A)(ii). The parties do not dispute the first and third elements in this case.

Defendant argues that a website is not a place of public accommodation under the ADA. Defendant argues that Title III provides a detailed list of the types of entities that are considered "public accommodations" and notes that the regulations promulgated thereunder state that this list is a complete list. *See* 42 U.S.C. § 12181(7); 28 CFR App'x C to Part 36. As the list includes only physical places, and as websites are specifically not included, Defendant argues that a

stand-alone website without a connection to a physical place of business is exempt from Title III coverage. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss the First Amended Complaint, ECF No. 19 at 7.

As many of my colleagues have stated in opinions considering similar fact patterns, the Second Circuit has not expressly decided whether a website is a place of public accommodation under the ADA, and there is both a circuit split and a district court split on the matter. I join the vast majority of district courts within this circuit in holding that the ADA's protections extend to commercial websites. *See, e.g., Chalas v. Barlean's Organic Oils, LLC*, No. 22-CV-04178 (CM), 2022 WL 17156838 (S.D.N.Y. Nov. 22, 2022); *Paguada v. Athena Allergy, Inc.*, No. 21-CV-1245 (KPF) (S.D.N.Y. Feb. 22, 2022); *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *2 (S.D.N.Y. Mar. 30, 2021); *Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 WL 6916098, at *3 (S.D.N.Y. Dec. 19, 2019); *Del-Orden v. Bonobos, Inc.*, No. 17 CIV. 2744 (PAE), 2017 WL 6547902, at *11 (S.D.N.Y. Dec. 20, 2017). As well stated in Judge Caproni's opinion in *Taverez v. Moo Organic Chocolates, LLC*, "Although websites are not specifically mentioned in the statute, the law's explicit purpose and the inclusion of providers that do not require physical entry into a location to access their goods and services indicate that websites are within the broad reach Congress intended Title III to have." No. 21-CV-9816 (VEC), 2022 WL 3701508, at *3 (S.D.N.Y. Aug. 26, 2022).

Thus, Plaintiff has stated disability discrimination claims upon which relief can be granted under the ADA, and the motion to dismiss for failure to state a claim is denied. In addition, because the standards for the state and city claims are treated as coextensive or more liberal than the ADA standard, Plainitff necessarily states a claim under the other statutes.

*Chalas v. Barlean's Organic Oils, LLC*, No. 22-CV-04178 (CM), 2022 WL 17156838, at *3-4 (S.D.N.Y. Nov. 22, 2022).

For the reasons discussed, Defendant's motions to dismiss are DENIED. The dispute is returned to Magistrate Judge Netburn's Chambers for further proceedings, as noted in the Order of Referral originally entered at ECF No. 5. The Clerk of Court is directed to terminate the motions pending at ECF Numbers 13 and 18.

**SO ORDERED.**
**Dated:**     **New York, New York**
              **December 5, 2022**

                **ANDREW L. CARTER, JR.**
                **United States District Judge**